# In the United States Court of Federal Claims

No. 10-420 C
(Filed: September 8, 2011)

```
*************************************
CLEAR CREEK COMMUNITY          *
SERVICES DISTRICT,             *
                               *
            Plaintiff,         *
                               *    Motion for Discovery; RCFC 56(d);
v.                             *    Summary Judgment; Statute of Limitations;
                               *    Discovery for the Purpose of Establishing
THE UNITED STATES,             *    Jurisdiction; Theisen Vending Co.
                               *
            Defendant.         *
                               *
*************************************
```

Walter P. McNeill, Redding, CA, for plaintiff.

Jacob A. Schunk, United States Department of Justice, Washington, DC, for defendant.

### RULING ON PLAINTIFF'S MOTION FOR DISCOVERY

**SWEENEY**, Judge

Before the court is plaintiff's motion for discovery ("motion").[1] Plaintiff, a local government agency providing water service in the Clear Creek watershed in California, filed a three-count complaint alleging breach by the United States of a 2005 long-term renewal contract ("the Contract"). According to plaintiff, the government failed to (1) repair portions of–and perform operation and maintenance ("O & M") services on–the Muletown Conduit, a pipe that distributes water, and (2) provide plaintiff with the amount of water to which it is entitled under the Contract. Plaintiff alleges that the United States Department of Interior's Bureau of Reclamation ("BOR") effectuated a Fifth Amendment taking of its property interest without just compensation by instituting an interim water shortage policy and diverting water to other downstream users. As such, plaintiff seeks money damages for the government's alleged breach

---

[1] Plaintiff's motion is styled as one for "denial of defendant's motion for summary judgment or, in the alternative, for a continuance to permit discovery to be undertaken." The court construes the motion as a request for discovery to establish jurisdiction and in response to a motion for summary judgment pursuant to Rule 56(d) of the Rules of the United States Court of Federal Claims ("RCFC"). Accordingly, the court does not address the substance of defendant's dispositive motion.

and BOR's purported taking of its property. Plaintiff also seeks equitable relief, viz., a declaration that the government is obligated to perform O & M services on the Muletown Conduit and provide to plaintiff 15,300 acre feet of water for purely domestic or non-agricultural use (referred to as "municipal & industrial" or "M & I" water).

Defendant, asserting that plaintiff's O & M claim accrued greater than six years before plaintiff filed suit, moved to dismiss the claim on statute of limitations grounds. Alternatively, defendant sought summary judgment on the O & M claim, arguing that plaintiff either (1) is required under the Contract to perform O & M services on the Muletown Conduit itself or (2) cannot establish the government's obligation to perform O & M services under the Contract. Defendant also asserted that the Contract expressly incorporated the BOR's water shortage policy and that plaintiff agreed the Contract was governed by that policy. Consequently, defendant argued, plaintiff cannot bring a breach of contract action challenging the policy. Furthermore, defendant argued that plaintiff's takings claim failed as a matter of law because the government did not violate the policy referenced in the Contract. Finally, defendant moved to dismiss for lack of jurisdiction plaintiff's claim for declaratory relief.

## I. PLAINTIFF'S MOTION

Plaintiff's motion addresses a need for discovery related to jurisdiction, its O & M claim, and its entitlement to water and takings claims. With respect to the statute of limitations issue and its O & M claim, plaintiff argues that the government "did not make its final position known until it executed the contract of March 1, 2005, and breach therefore occurred less than six years prior to plaintiff's filing of the complaint." Pl.'s Mot. 17; see also Pl.'s Reply 6 ("The Government could not have breached the contract, nor could a cause of action have arisen for the Government's failure to provide O & M of the [Muletown] Conduit, prior to February 25, 2005."). In order for it to respond to defendant's motion for summary judgment on the O & M claim, plaintiff argues that discovery is necessary to determine the scope of the parties' contractual obligations, namely Article 39 of the Contract and prior agreements that addressed the parties' O & M responsibilities.[2] Although plaintiff acknowledges that contract interpretation is generally a matter of law, it argues that extrinsic evidence related to the "negotiation and

---

[2] Article 39 of the Contract provides:

The parties hereto acknowledge and agree that Part A . . . of Contract No. 14-06-200-489-A is replaced by this Contract. The respective duties, covenants, and obligations of the parties in Contract No. 14-06-200-489-A which are not replaced by this Contract shall be unaffected as if Part A had not been replaced. By mutual agreement of the parties the remainder of Contract No. 14-06-200-489-A, exclusive of Part A thereof, may be amended by negotiation and execution of an amendatory contract, if any.

Pl.'s Mot. Ex. 3.

execution of the Long-Term Renewal Contract will lead to a determination of the parties' understanding of the language of Article 39 of the contract and their consequent responsibilities thereunder . . . ."  Pl.'s Mot. 12.

With respect to its entitlement to water and takings claims, plaintiff explains:

> To determine if there was a breach of the Government's obligation to provide [plaintiff] with the allotment of water it was entitled to under the contract at the time of the breach, . . . one must look to the terms of the water shortage policy. However, the Government's defensive position is to simultaneously and inconsistently claim that it has no "policy," while also enforcing a policy, while not knowing what its own policy contains if it has a policy, and not knowing what water shortage policy was in effect at the time of the Government's breach; then when [plaintiff] asserts that its contract rights are violated by the Government's application of the water shortage policy, the Government disingenuously claims impossibility because it purportedly either has no policy or it has a policy it refuses to define.

Id. at 13.  Thus, plaintiff argues that discovery is needed in order for it to ascertain the BOR's policy and how the BOR applied that policy to plaintiff's operation of the Muletown Conduit. See id. at 16 (explaining that discovery is necessary to "determine the terms of the Water Shortage Policy the Government states it was implementing in compliance with the Long-Term Renewal Contract"), 18 (arguing that defendant "has not indicated . . . what the terms of the Water Shortage Policy were at the time of [its] breach" and asserting that discovery will "establish exactly what the Government believed the Water Shortage Policy to be and how that was implemented").

Defendant contends that discovery is irrelevant to any response that plaintiff might raise in response to its motion, though it agrees that discovery is warranted "[i]f [plaintiff] can show that the contract is susceptible to more than one reasonable interpretation . . . ."  Def.'s Resp. 3. Nevertheless, defendant argues that plaintiff neither establishes how discovery could aid its response nor states with precision how any materials obtained during discovery would help it oppose summary judgment.  Id. at 4 (citing Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996)); see also id. at 5-6 (contending that plaintiff fails to satisfy the five-part set of prerequisites set forth in Theisen Vending Co. v. United States, 58 Fed. Cl. 194 (2003)).

## II. DISCUSSION

Plaintiff filed its motion pursuant to RCFC 56(d) and in response to the summary judgment portion of defendant's motion to dismiss and for summary judgment.  Nevertheless, plaintiff asserts that its discovery request "also bears" on defendant's statute of limitations argument.  Pl.'s Mot. 11.  Consequently, the court first addresses plaintiff's motion in the context

of seeking discovery for the purpose of establishing jurisdiction and then turns to discovery requests under RCFC 56(d).

### A. Discovery to Aid in Determining Jurisdiction

The Tucker Act confers upon the United States Court of Federal Claims jurisdiction to render judgment on any claim against the United States founded upon a contract. 28 U.S.C. § 1491(a)(1) (2006). A claim must be brought "within six years after such claim first accrues." Id. § 2501. Under section 2501, a claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)). In the case of a breach of contract, a cause of action generally accrues at the time the breach occurs. Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). Section 2501 serves as a limitation upon the court's jurisdiction that cannot be waived. John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 134 (2008).

The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. See McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988) (providing that jurisdiction must be established by a preponderance of the evidence). Thus, a plaintiff must demonstrate that its claims are timely. When deciding a motion challenging subject matter jurisdiction, the court assumes all factual allegations are true and draws all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-19 (1982); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006). However, a plaintiff cannot rely solely upon allegations in the complaint if the defendant or the court questions jurisdiction. Instead, the plaintiff must bring forth relevant, adequate proof to establish jurisdiction. See McNutt, 298 U.S. at 189. The court may examine relevant evidence in order to decide any factual disputes when ruling upon a motion to dismiss for lack of subject matter jurisdiction. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); accord Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) (noting that the court "may find it necessary to inquire into jurisdictional facts that are disputed"); Reed Island-MLC, Inc. v. United States, 67 Fed. Cl. 27, 32 (2005) (recognizing that the court may address matters outside the pleadings when ruling upon an RCFC 12(b)(1) motion).

It is "well established that when a motion to dismiss challenges a jurisdictional fact alleged in a complaint, a court may allow discovery in order to resolve the factual dispute." Samish Indian Nation v. United States, No. 02-1383L, 2006 WL 5629542, at *4 (Fed. Cl. July 21, 2006). Plaintiff alleges that the Contract, which was executed by the parties in February 2005, requires the government to perform O & M services on the Muletown Conduit. Compl. ¶¶ 23, 32-34. Thus, according to plaintiff, its O & M claim accrued in or about March 2005 and

is therefore timely. Pl.'s Mot. 11.

Plaintiff asserts that the issue of what rights and obligations are set forth in Article 39 of the Contract is related to when its O & M claim accrued. According to plaintiff, the government finalized its view that plaintiff was responsible for performing O & M services on the Muletown Conduit in 2005:

> The anticipated discovery should show that there are material issues of fact, if not conclusively establish the position and claims of [Plaintiff], that: the United States assumed O & M responsibility for the Muletown [C]onduit immediately upon entry of the [Contract] (which terminated [plaintiff]'s prior agreement under the Interim Renewal Contracts to maintain that obligation in "full force and effect"), and from that point in time (Feb. 25, 2005 forward – well within the statute of limitations) the United States breached its duty and continues in breach of its duty to O & M the Muletown Conduit.

Aff. Walter P. McNeill ("McNeill Aff.") ¶ 3 § R. Defendant, however, contends that the government apprised plaintiff that plaintiff was expected to perform those services as early as 2001. According to defendant, plaintiff "fails to identify a single fact" that would support the position that its O & M claim is ripe. Def.'s Resp. 8.

In light of the parties' dispute over jurisdictional facts and plaintiff's apparent lack of sufficient evidence to respond to the statute of limitations issue, plaintiff is entitled to conduct discovery in order to meet its burden of presenting proof that it believes establishes the court's jurisdiction over its O & M claim.

### B. RCFC 56(d) Discovery[3]

Turning to plaintiff's primary discovery request, the court notes that summary judgment "is inappropriate unless a tribunal permits the parties adequate time for discovery." Dunkin' Donuts of Am., Inc. v. Metallurgical Exoprods. Corp., 840 F.2d 917, 919 (Fed. Cir. 1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). In Anderson v. Liberty Lobby, Inc., the United States Supreme Court instructed that summary judgment must "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." 477 U.S. 242, 250 n.5 (1986). A nonmoving party may respond to a motion for summary judgment by filing a motion under RCFC 56(d), which "enables a court to deny or stay

---

[3] RCFC 56 was rewritten in its entirety to reflect corresponding revisions to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). See RCFC 56, rules committee note (2011). As a result, RCFC 56(f) was revised to become RCFC 56(d). Because RCFC 56(d), like its FRCP counterpart, "carries forward without substantial change the provisions of former subdivision (f)," FRCP 56, rules committee note (2010), the court's interpretation of RCFC 56(d) is guided by case law addressing subsection (f) of both former rules.

a motion for summary judgment to permit additional discovery . . . ." Theisen Vending Co., 58 Fed. Cl. at 197. RCFC 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The party invoking RCFC 56(d) "must set forth 'with some precision,' the evidence it hopes to obtain, how this evidence would likely disclose issues of material fact, and why it is unable to access such evidence without further discovery." Padilla v. United States, 58 Fed. Cl. 585, 593 (2003). As such, the opposing party "cannot evade summary judgment simply by arguing that additional discovery is needed; rather, [it] must meet the requirements of [former] Rule 56(f)." Brown v. Miss. Valley State Univ., 311 F.3d 328, 333 n.5 (5th Cir. 2002); see also Keebler Co. v. Murray Bakery Prods., 866 F.2d 1386, 1389 (Fed. Cir. 1989) ("A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to comply with the requirement of [former] Rule 56(f) to set out reasons for the need for discovery in an affidavit.").

Motions for additional discovery under RCFC 56(d) "are generally favored and are liberally granted." Chevron U.S.A. Inc. v. United States, 72 Fed. Cl. 817, 819 (2006). Nevertheless, the Theisen Vending Co. court articulated a five-part set of prerequisites that must be satisfied before the court can order discovery in response to a motion for summary judgment:

> [T]he non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

58 Fed. Cl. at 198. These prerequisites, however, "should not impair the salutary, generous purpose" of RCFC 56(d). Id. Rather, they "provide[] the court with a method of checking on the bona fides of the party opposing summary judgment and also might give some indication whether a genuine fact issue is likely ever to be developed." 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2741 (3d ed. 2010).

Defendant argues that the test set forth in Theisen Vending Co. weighs against plaintiff. It notes that, pursuant to the court's January 25, 2011 scheduling order, discovery remains ongoing. Thus, according to defendant, plaintiff could have served–but ultimately did not serve–discovery anytime after January 2011. Defendant also emphasizes what it believes is plaintiff's failure to identify specific facts it reasonably expects to establish through discovery that would aid a response to summary judgment. See, e.g., Def.'s Resp. 9 (arguing that plaintiff "does not (and cannot) show how discovery would aid" its position that the contract purportedly places O & M responsibilities upon the government), 10-11 (arguing that the contract incorporated a "then-existing interim water shortage policy, the government did not violate that policy, and plaintiff agreed to a contract that expressly adopted that policy").

Plaintiff has specified the discovery it seeks, explained how the results of the discovery are reasonably expected to engender a genuine issue of material fact, and set forth a factual predicate for its belief that there are discoverable facts sufficient to raise a genuine and material issue. Theisen Vending Co., 58 Fed. Cl. at 198. In response to defendant's alternative argument that it is entitled to summary judgment on plaintiff's O & M claim, plaintiff seeks discovery related to the "negotiation and execution" of the Contract in order to determine the parties' understanding of Article 39 and their responsibilities thereunder. Pl.'s Mot. 12; Pl.'s Reply 5 (arguing that the differences in language between various interim contracts and the Contract warrant discovery to understand the intent and import of those differences); accord McNeill Aff. ¶ 3 § R (suggesting that discovery would show the existence of a genuine issue of material fact). Plaintiff also seeks testimony from BOR officials related to the government's responsibilities to operate and maintain federally owned facilities. Supplemental Aff. Walter P. McNeill ¶ 3 §§ H-J.

With respect to plaintiff's contractual right to water and takings claims, plaintiff asserts that discovery is needed to determine the terms of the then-existing policy referenced in Article 12 of the Contract:

> [I]t is necessary to establish through discovery exactly what the [BOR] believed its Water Shortage Policy to be and how that was implemented with respect to [Plaintiff]. It is not possible for the United States to factually claim that it did not implement the Water Shortage Policy in a factual manner that violated [Plaintiff's] contract rights as established in the terms of the [C]ontract outside of Article 12, when the [BOR] purportedly does not know and cannot allege what its Water Shortage Policy really was at any given point in time. . . . There are material issues of fact as to the factual nature of the Water Shortage Policy as applied by the [BOR] to [Plaintiff], the effect of the application of that Policy on [Plaintiff's] rights to water under the [C]ontract, and the scope and amount of damages suffered by [Plaintiff] as a response.

McNeill Aff. ¶ 3 § S; see also Pl.'s Reply 9-10 (arguing that defendant cannot maintain that the government "has always applied its 'then existing water shortage policy' when there is no true

'policy,' the draft 'policy' has changed repeated, the 'policy' has not been applied consistently . . . , and the definition of its draft or purported 'policy' has been a moving target"). According to plaintiff, discovery is needed to reveal the "nature and terms" of the BOR's water shortage policy, "whatever it may be, and the application of that Policy" to plaintiff. Pl.'s Reply 10.

Plaintiff indicates its intention to serve written interrogatories and requests for admission, and take testimony of BOR officials who were involved in the (1) negotiation and administration of both plaintiff's Contract and other BOR contracts with similarly situated water agencies and (2) formulation and implementation of the water shortage policy. Its counsel also states his belief that "there was still adequate time to initiate and pursue discovery . . . ." McNeill Aff. ¶ 3 § U. Moreover, plaintiff believed that BOR "workshop discussions" that occurred in early 2011 "might lead to [a] resolution of water supply issues . . . ." Id.

There is no indication that plaintiff intentionally delayed its request for discovery. Indeed, the deadline for completion of fact discovery, November 16, 2011, is more than two months away. See Order, Jan. 25, 2011. Following the entry of a January 25, 2011 scheduling order and during the discovery period, the parties submitted a series of joint status reports, the first of which advised the court that they were uncertain, based upon the BOR's "workshop discussions" and intention to prepare an environmental impact statement, whether any changes to the water shortage policy would be made before the end of 2012. As such, the parties requested permission to file dispositive motions and "continue with discovery as necessary and appropriate." J. Status Report 1-2, Apr. 29, 2011. In a second joint status report filed on May 19, 2011, defendant indicated its intention to file a motion for summary judgment. The parties also requested an opportunity to advise the court about any need to modify the January 25, 2011 discovery schedule. Thereafter, defendant filed its dispositive motion. On July 7, 2011, the parties submitted a third joint status report in which they set forth their respective positions regarding discovery. Plaintiff stated that it

> disputes the assertions made by the Government in its motion for summary judgment and motion to dismiss. Further, [plaintiff] believes that discovery, including written discovery and depositions of pertinent [BOR] officials . . . , will be critical to understanding both the operative facts for [plaintiff]'s position and the interpretation of otherwise vague and ambiguous contract terms on which the Government relies for its defenses, including the defenses asserted in the motions for summary judgment and to dismiss. On the issues relating to water supplies, the key contractual term in the water service portion of the contract . . . incorporates the Defendant's "M & I Water Shortage Policy" – a "policy" existing entirely outside the contract, which has changed in its administration and application by the Government from 2001 through the present day, and which the Government claims was not "final" on the effective date of the [Contract] (2/25/05) and purportedly is still in the process of development.

8

J. Status Report 3, July 7, 2011.  The instant motion followed.

Although plaintiff's effort to conduct discovery may have been delayed, to some degree, because it refrained from further action while the BOR was determining how to address its water shortage policy, the fact remains that plaintiff's motion is not untimely and falls within the discovery period.  It is therefore apparent that plaintiff has not had a full opportunity to discover information essential to oppose defendant's motion to dismiss and for summary judgment.  See Anderson, 477 U.S. at 250 n.5.  To deny plaintiff's motion would preclude plaintiff from resisting defendant's jurisdictional challenge and responding adequately to defendant's summary judgment arguments, and run contrary to the principle that discovery motions under RCFC 56(d) be liberally granted.  See Chevron U.S.A. Inc., 72 Fed. Cl. at 819.  The court determines that plaintiff has satisfied the five-part set of prerequisites set forth by the Theisen Vending Co. court.  As such, plaintiff is entitled to discovery in order to respond to defendant's jurisdictional challenge and motion for summary judgment on plaintiff's O & M and takings claims.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion is **GRANTED**.  Plaintiff shall be entitled to conduct fact discovery for the purpose of addressing whether its O & M claim is time-barred and responding to defendant's motion for summary judgment on plaintiff's O & M and takings claims.  Briefing on defendant's dispositive motion is **STAYED** pending the conclusion of fact discovery.  The parties shall file, by no later than **Friday, October 7, 2011**, a joint status report proposing a discovery schedule.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge